IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MAURICIO PAVEL DE LA FUENTE and DAWNA G. DE LA FUENTE,<br><br>*Plaintiffs,*<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR MORGAN STANLEY CAPITAL I INC. TRUST 2006-HE1 and PHH MORTGAGE CORPORATION, its/their successors and/or assigns,<br><br>*Defendants.* | Case Number: _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital I Inc. Trust 2006-HE1, Mortgage Pass-Through Certificate, Series 2006-HE1[1] ("Wells Fargo") and PHH Mortgage Corporation ("PHH") (collectively, "Defendants"), by and through their attorneys, file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

### I.    BACKGROUND

On March 30, 2022, Plaintiffs Mauricio Pavel De La Fuente and Dawna G. De La Fuente (collectively, "Plaintiffs") filed an Original Verified Petition and Application for Temporary Restraining Order and Temporary Injunction against the Defendants in the District Court of Tarrant County, Texas (the "Action").[2]  Plaintiffs seek relief pertaining to the title to real property located at 405 Durrand Oak Drive, Keller, Texas 76248 (the "Property") and seek to prevent

---

[1] Improperly named in Plaintiffs' Petition as, "Wells Fargo Bank, National Association, as Trustee for Morgan Stanley Capital 1 Inc. Trust 2006-HE1."

[2] *See* Plaintiff's Original Petition ("Pet."), Exhibit B.

Defendants from foreclosing their mortgage lien secured against the Property.

Defendants have yet to be served with process. As such, this removal is timely pursuant to 28 U.S.C. §1446(b).

## II.  FEDERAL QUESTION JURISDICTION UNDER 28 U.S.C. § 1331

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. § 1331.  Plaintiff asserts a right to recover damages under the Real Estate Settle Procedures Act ("RESPA") pursuant to 12 U.S.C. § 2605(f) for alleged violations of 12 C.F.R. §§ 1024.41(a), 1024.41(b)(2)(i)(A)-(B) 1024.41(c), 1024.41(f)(2)(i)-(iii), 1024.41(f)(3)(i)-(iii), 1024.41(g), and 1024.41(k)(1)-(4).[3] This Court has jurisdiction over these claims because they arise under the laws of the United States. 28 U.S.C. § 1331; *see Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006).

This Court should also exercise supplemental jurisdiction over the Plaintiffs' state-law claims because federal question jurisdiction under 28 U.S.C. § 1331 is proper and the state-law claims derive from a common nucleus of operative facts.  *See* 28 U.S.C. § 1367; *Arena v. Graybar Elec. Co., Inc.*, 669 F.3d 214, 221 (5th Cir. 2012).

## III.  DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332

This Court has original jurisdiction over the Action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because: (1) there is complete diversity between Plaintiffs and Defendants; and (2) the amount in controversy exceeds $75,000 exclusive of interests and costs.

**A.  Complete Diversity Exists.**

There is complete diversity between Plaintiffs and Defendants.

**1.  Plaintiffs are Citizens of Texas.**

Plaintiffs are individuals living in Texas. Plaintiffs specifically allege that they are

---

[3] Pet., ¶¶36-39.

individual residents of Keller, Texas, which is in Tarrant County.[4]  For purposes of diversity jurisdiction, a person is a citizen of the state in which he or she is domiciled.  *Coury v. Prot*, 85 F.3d 244, 251 (5th Cir. 1996).  Upon information and belief, Plaintiffs' have no intention of leaving Texas and do not plead any such intention in the Petition.  Thus, for diversity purposes, Plaintiffs' domicile is in Texas, and therefore, Plaintiffs are citizens of Texas.

    **2.**    **Wells Fargo is a Citizen of South Dakota.**

Wells Fargo is a citizen of South Dakota for purposes of diversity jurisdiction.  Wells Fargo is a national banking association acting as trustee of a trust.  As trustee, Wells Fargo's citizenship controls for diversity purposes. *See Wells Fargo Bank, N.A. v. Am. Gen. Life Ins. Co.*, 670 F. Supp. 2d 555, 561 (N.D. Tex 2009) ("[T]he citizenship of a trust, for diversity jurisdiction purposes, is determined by the citizenship of its trustee.") (*citing Navarro Sav. Ass'n v. Lee*, 446 U.S. 4558, 461 (1980) and *Bass v. Int'l Bhd. of Boilermakers*, 630 F.2d 1058, 1067 n. 17 (5th Cir. 1980)).  In *Wachovia Bank, N.A. v. Schmidt*, the United States Supreme Court held that a national bank is a citizen of the state where its main office, as designated in its articles of association, is located.  546 U.S. 303, 307 (2006); *see also* 28 U.S.C. § 1348.  Wells Fargo's main office, as designated in its articles of association, is located in South Dakota.  Therefore, Wells Fargo is a citizen of South Dakota for diversity purposes.

    **3.**    **Defendant PHH is a Citizen of New Jersey.**

Defendant PHH is a citizen of New Jersey for purposes of diversity jurisdiction.  PHH is a corporation.  When considering diversity of citizenship, "a corporation shall be deemed to be a citizen of every State…by which it has been incorporated and of the State…where it has its principal place of business." 28 U.S.C. §1332(c)(1).  A "principal place of business" refers to the

---

[4] *See* Pet., ¶¶ 2-3.

Case 4:22-cv-00345-P   Document 1   Filed 04/21/22   Page 4 of 6   PageID 4

place where the corporation's high level officers direct, control, and coordinate the corporation's activities. *See Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010). PHH is incorporated in New Jersey and has its principal place of business in New Jersey. Therefore, PHH is a citizen of New Jersey for diversity purposes. *See Bohannon v. PHH Mortg. Corp.*, 665 F. App'x 760, 761 n.2 (11th Cir. 2016) (PHH is a citizen of New Jersey).

**B.      Amount in Controversy is Met.**

The amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiffs, among other things, seek injunctive relief to prevent Defendants from foreclosing a lien secured against the Property.[5] "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333 (1977). "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Waller v. Professional Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961). Where "[t]he purpose of the injunctive [or] declaratory relief [is] to stop the foreclosure sale of . . . properties, 'the amount in controversy . . . is the value of the right to be protected or the extent of the injury to be prevented.'" *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). A common method of establishing the value of real property is to look to a county appraisal district's assessment. *Statin v. Deutsche Bank Nat. Trust Co.*, 599 F. App'x 545, 546-47 (5th Cir. 2014). The current market value of the Property according to the Tarrant County Appraisal District is $285,971.00.[6] Because this assessed value of the Property exceeds $75,000, the amount in controversy has been met.

---

[5] Pet., ¶¶ 29-30.
[6] *See* Appraisal District Profile, Exhibit O.

While Defendants deny the allegations in the Petition, deny any liability to Plaintiffs whatsoever, and deny that Plaintiffs are entitled to any relief, if Plaintiffs' allegations are proven to be true, the amount in controversy far exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney fees.

### IV.     VENUE IS PROPER IN THIS COURT

Venue is proper in this Court under 28 U.S.C. §§ 1441(a) and 1446(a), which provide for removal of any civil action to the federal district court for the district and division embracing the place where the state court action is pending.  The Action was commenced in the 348th Judicial District Court of Tarrant County, Texas on March 30, 2022.  This Court embraces the 348th Judicial District Court of Tarrant County, Texas, the state court in which the action is now pending.  28 U.S.C. §§ 1391 and 1441(a).

### V.     ALL PROCEDURAL REQUIREMENTS FOR REMOVAL SATISFIED

Pursuant to 28 U.S.C. 1446(a), true and correct copies of all process, pleadings, and orders from the state court file of the Action are being filed with this Notice of Removal.[7]  Defendants are filing with the clerk of the state district court in which the Action is pending, and is serving upon Plaintiffs, a Notice of Removal, together with this Notice of Filing Notice of Removal and supporting documentation, pursuant to 28 U.S.C. § 1446(d).

Based upon the foregoing, Defendants are entitled to remove this action to this Court under 28 U.S.C. §§ 1331, 1332, 1441, and 1446.

### VI.     REMOVAL IS PROPER TO THIS COURT

Defendants have met the requirements for removal of this Action to this Court under 28 U.S.C. 1331, 1332, 1441, and 1446.  This Notice of Removal is filed subject to and without waiver

---

[7] See Exhibit A, Docket Sheet; Exhibits B- N, Filings in the Tarrant County District Court, true and correct copies of which are attached.

of all rights and defenses to Plaintiffs' claims herein.

Date: April 21, 2022                    Respectfully submitted,

/s/   Adam Nunnallee
**Adam Nunnallee**
Texas Bar No. 2405743
anunnallee@dykema.com
**McKenna Rammell Crisp**
Texas Bar No. 24115255
mrammell@dykema.com
Telephone: (214) 462-6453
Facsimile:  (855) 256-1482
**DYKEMA GOSSETT PLLC**
Comerica Bank Tower
1717 Main Street, Suite 4200
Dallas, Texas 75201

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon on all counsel of record on April 21, 2022, in compliance with the Federal Rules of Civil Procedure.

John G. Helstowski
J. Gannon Helsowski Law
5209 Heritage Ave, Suite 510
Colleyville, Texas 76034
jgh@jghfirm.com

/s/   Adam Nunnallee
**Adam Nunnallee**